**Evaristo VALENCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–91–00152–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 26, 1998.

Randy Schaffer, Houston, for appellant.

John B. Holmes, Carol M. Cameron, Houston, for appellee.

Before MIRABAL, O'CONNOR and NUCHIA, JJ.

### OPINION ON REMAND FROM THE TEXAS COURT OF CRIMINAL APPEALS

O'CONNOR, Justice.

Evaristo Valencia, the appellant, was convicted by a jury of delivery of at least 400 grams of cocaine, and his punishment was assessed at 75 years and a $250,000 fine. On appeal to this Court, a divided panel affirmed the conviction. On petition for review, the Court of Criminal Appeals vacated our judgment and remanded the case for us to reconsider the appellant's claims of ineffective assistance during punishment under the standard it enunciated in *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Crim.App.1980). See *Valencia v. State*, 891 S.W.2d 652 (Tex. App.—Houston [1st Dist.] 1993), *rev'd*, 946 S.W.2d 81 (Tex.Crim.App.1997). Applying

that standard, we reverse the judgment of the trial court, and remand for a new punishment hearing.

### Ineffective Assistance of Counsel

In point of error two, the appellant claims he was deprived of effective assistance of counsel because his lawyer did not object to an argument by the assistant district attorney (ADA) that was both improper and incorrect.

■ The standard we apply under *Duffy* is whether the defendant received reasonably effective assistance from his counsel. *Duffy*, 607 S.W.2d at 516; *Simms v. State*, 848 S.W.2d 754, 758 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd). In reviewing an attorney's representation during punishment, we examine the totality of the representation. *Ex parte Walker*, 794 S.W.2d 36, 37 (Tex. Crim.App.1990); *Simms*, 848 S.W.2d at 758.

■ During closing arguments of the punishment phase of the trial, the ADA argued:

The charge talks about the award of good conduct time to a prisoner who exhibits good behavior and parole. To caution you right now, first off, you can't guess or estimate anything about good conduct time or parole to this guy. This is for your information, for you to know that whatever the term of years in a case that a defendant gets sentenced to, his time in the penitentiary can be reduced by the award of good conduct time and by parole. They say the formula here as to when he becomes eligible for parole would be when a defendant has his actual time plus his good conduct time added together and they equal one fourth of the sentence. *That means if there is a forty-year sentence, one-fourth of that is ten years, and let's say you get three days credit for every one you serve. That's the good conduct time. That means you can effectively become eligible for parole on a forty-year sentence*

*in about two years.* That's the way it reads.
(Emphasis added.)

The State concedes that the ADA's math was wrong, that a person who receives a 40-year sentence cannot be eligible for parole in two years.

In his argument, the ADA invited the jury to consider the parole law in assessing punishment by informing the jury the effect the parole law might have on a 40-year sentence. Article 37.07, section 4 of the Texas Code of Criminal Procedure expressly prohibits the jury from considering the manner in which parole law may be applied to a particular defendant. The appellant's counsel should have objected to the ADA's argument inviting the jury to consider the parole law.

■ By his argument, the ADA gave the jury an erroneous formula regarding the application of the parole law to a 40-year sentence. It is error for the State to present a statement of law that is contrary to that presented in the charge to the jury. *Whiting v. State*, 797 S.W.2d 45, 48 (Tex.Crim. App.1990). The ADA's miscalculation misled the jury. The appellant's counsel should have objected to the formula for parole.

We find that counsel was ineffective for not objecting to the ADA's argument.

### Totality of Representation

■ Under *Duffy*, we must review the "totality of the representation" to determine if the appellant was given the "reasonably effective assistance of counsel." *Ex parte Walker*, 777 S.W.2d 427, 431 (Tex.Crim.App. 1989); *Thomas v. State*, 923 S.W.2d 611, 612 (Tex.App.—Houston [1st Dist.] 1995, no pet.). However, sometimes a single error is so substantial that it alone causes the attorney's assistance to fall below the Sixth Amendment standard. *Cooper v. State*, 769 S.W.2d 301, 305 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd.). Courts have frequently found counsel ineffective because of a single error affecting only the punishment assessed. *Jackson v. State*, 766 S.W.2d 504, 510 (Tex.Crim. App.1985)[1] (trial counsel did not advise de-

---

1. This *Jackson* case was reversed and remanded by the U.S. Supreme Court when it issued *Texas v. McCullough*, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986). *See Texas v. Jackson*, 475

U.S. 1114, 106 S.Ct. 1627, 90 L.Ed.2d 175 (1986). The purpose of the remand in *Jackson* was to reconsider the issue of ineffective assistance of counsel in light of the Supreme Court's

fendant about the consequences of electing jury to assess punishment on retrial); *Ex parte Scott*, 581 S.W.2d 181, 182 (Tex.Crim. App.1979) (trial counsel did not investigate circumstances of convictions used for enhancement); *Oliva v. State*, 942 S.W.2d 727, 734–35 (Tex.App.—Houston [14th Dist.] 1997, pet. granted, 8–27–97) (trial counsel did not object to improper argument of ADA); *Cooper*, 769 S.W.2d at 305 (trial counsel permitted defendant to testify at punishment on an insignificant issue, which subjected him to cross-examination about 14 convictions); *Stone v. State*, 751 S.W.2d 579, 583 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd) (trial counsel mistakenly told defendant that court could grant probation when it assessed punishment); *Burnworth v. State*, 698 S.W.2d 686, 690 (Tex.App.—Tyler 1985, pet. ref'd) (trial counsel did not request charge on probation); *Snow v. State*, 697 S.W.2d 663, 667 (Tex.App.—Houston [1st Dist.] 1985, pet. dism'd) (trial counsel did not request a jury instruction on probation); *May v. State*, 660 S.W.2d 888, 889–90 (Tex.App.—Austin 1983), *aff'd*, 722 S.W.2d 699 (Tex.Crim.App.1984) (trial counsel did not submit sworn application for probation, which waived defendant's right to be considered for probation). To ignore a grievous error simply because it is single, while granting relief where multiple errors cumulatively reach the same magnitude, would be contrary to the reasons that caused the creation of the doctrine of ineffective assistance of counsel. *Cooper*, 769 S.W.2d at 305.

■ The adversarial process broke down at the punishment stage in this case. The ADA argued matters that he should not have, and he erroneously computed the time for parole eligibility. Defense counsel did not object. The failure to object cannot be justified by any trial strategy within our imagination. There is a strong possibility that the prosecutor's argument resulted in a higher sentence.

We hold that the failure to object to an argument that invites consideration of parole laws and supplies an erroneous formula for calculating parole eligibility which is in direct violation of the Code of Criminal Procedure is, as a matter of law, ineffective assistance of counsel.

### Conclusion

We affirm the trial court's judgment concerning conviction. We reverse the trial court's judgment concerning punishment, and remand the cause to the trial court for a new punishment hearing.

MIRABAL, J., dissenting.

MIRABAL, Justice, dissenting.

The majority first acknowledges that under *Duffy* [1] we must review the "totality of the representation" to determine if appellant was afforded "reasonably effective assistance of counsel." The majority then ignores the "totality of the representation" of appellant and holds that a *single error*, the failure to object to one portion of the prosecutor's closing argument, constituted *per se* ineffective assistance of counsel. In my opinion, the facts of this case do not support the holding that, because of a single failure to object during closing argument, appellant received ineffective assistance of counsel as a matter of law. Accordingly, I dissent.

The constitutional right to counsel does not mean errorless counsel or counsel whose competency is to be judged by hindsight. *Ex parte Cruz*, 739 S.W.2d 53, 58 (Tex.Crim. App.1987). The right to effective assistance of counsel at the punishment phase means counsel reasonably likely to render and rendering reasonably effective assistance of counsel. *Duffy*, 607 S.W.2d at 514, n. 4. On appeal, in examining the totality of the representation, we must judge a full scope of assistance—representation, performance, de-

---

holding in *McCullough*, that due process is not violated when, on retrial, a judge imposes a greater sentence than after the first trial. On remand in *Jackson*, the Court of Criminal Appeals held that trial counsel's failure to advise defendant about the consequences of electing a jury was not error in light of *McCullough*. *Jackson v. State*, 766 S.W.2d 518, 521 (Tex.Crim.App.

1988). The *Jackson* holding still stands for the proposition that a single, substantial error in representation can result in a reversal.

1. *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Crim.App. 1980).

livery—for effectiveness. The standard mandates an examination both of competence, "likely to render," and of assistance, "and rendering," in determining effectiveness of counsel. *Ex parte Walker*, 794 S.W.2d 36, 37 (Tex.Crim.App.1990); *Duffy*, 607 S.W.2d at 516, n. 17.

In the present case, the majority concludes appellant's counsel failed the second part of the *Duffy* test—"and rendering reasonably effective assistance"—because of an isolated failure to object to closing argument.

The majority opinion sets out the portion of the prosecutor's closing argument that concerns us. The jury charge included the same information about the parole laws that the prosecutor argued, except for his italicized statements. It is not error for the prosecutor to quote or paraphrase the jury charge, even if the charge instructs the jury regarding parole laws. *Whiting v. State*, 797 S.W.2d 45, 48 (Tex.Crim.App.1990); *Jones v. State*, 641 S.W.2d 545, 550 (Tex.Crim.App. 1982). In the present case, the prosecutor did not contradict the court's charge. He told the jury they "can't guess or estimate anything about good conduct time or parole". He did not make a definite statement about good time credit—rather he gave a hypothetical, "let's say you get three days credit for every one you serve." I agree with our assessment of the prosecutor's jury argument in our *first opinion* in this case, before remand:

> [U]nlike the objectionable arguments [in other cases], the prosecutor's comment spoke to a constitutionally mandated jury instruction, did not state that good conduct time and parole would always operate to reduce a sentence by a certain amount, did not attempt to have the jury figure how the parole laws would operate in appellant's case, and did not suggest a punishment to offset the parole law's application or effect.

*Valencia v. State*, 891 S.W.2d 652, 658 (Tex. App.—Houston [1st Dist.] 1993), *rev'd,* 946 S.W.2d 81 (Tex.Crim.App.1997).

I acknowledge that if the prosecutor meant for his hypothetical to be precisely accurate, rather than to be a broad-brush example to get the concept across, he made a mistake—a person could not become eligible for parole in *two* years on a 40–year sentence—rather it would take *four* years to become eligible for parole. *Valencia,* 891 S.W.2d at 657 n.1. The difference between *two years* and *four years* in such a hypothetical is *de minimis.* The fact that appellant's counsel did not "catch" the mathematical error is nowhere near *per se* ineffective assistance.

In my opinion, the prosecutor's argument does come dangerously close to crossing the statutory line of permissible argument; however, because of the hypothetical nature of the comments, a reasonable defense counsel hearing the argument in the courtroom could have concluded it fell short of urging the jury to consider how the parole law would actually be applied to appellant. The failure to object in such a situation is not *per se* ineffective assistance. *See Davis v. State,* 712 S.W.2d 827, 829 (Tex.App.—Houston [1st Dist.] 1986, no pet.).