Jamaine Edward Lewis v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-182-CR

     JAMAINE EDWARD LEWIS,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 27,780
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      In a single issue, Jamaine Edward Lewis complains that he was denied effective assistance of
counsel during a jury trial at which he was convicted of aggravated robbery and sentenced to fifty
years in prison. He asserts that his trial counsel made five errors which fell below a standard of
reasonable attorney representation. Specifically, he says trial counsel failed to:
      1.   object to the prosecutor’s striking every black member of the venire panel, and failed to
question the prosecutor about this;
 
      2.   challenge a venire member for cause even though the member was well acquainted with
the victim and said she would be biased;
      3.   use all ten peremptory challenges;
      4.   cross-examine the victim about her identification of Lewis as her assailant; and
      5.   request of the jury, during closing argument, to acquit Lewis, or to give the jury any
reasons why they should.

      We will affirm the judgment.
Standard of Review
      Texas courts follow the United States Supreme Court's two-pronged Strickland test to
determine whether counsel's representation was so inadequate as to be in violation of the Sixth
Amendment right to effective assistance of counsel.


 Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999) (citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d
674 (1984)). Appellant must show: (1) counsel's assistance fell below an objective standard of
reasonableness, and (2) counsel's deficient assistance, if any, prejudiced the defendant. Id. (citing
McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). This two-pronged test is the
“benchmark for judging whether counsel's conduct so undermined the proper functioning of the
adversarial process that the trial cannot be relied on as having produced a reliable result.” Id. at
812-13 (citing McFarland v. State, 845 S.W.2d 808, 843 (Tex. Crim. App. 1992), quoting
Strickland, 466 U.S. at 686, 104 S.Ct. at 2064). The issue is whether “the conviction resulted
from a breakdown in the adversarial process that renders the result unreliable.” Ex parte
Menchaca, 854 S.W.2d 128, 131 (Tex. Crim. App. 1993) (citing Strickland, 466 U.S. at 687, 104
S.Ct. at 2064). Appellant must prove ineffective assistance by a preponderance of the evidence. 
Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); Thompson, 9 S.W.3d at 813.
      With the first prong, there is a presumption that “counsel’s actions fell within the wide range
of reasonable and professional assistance.” Bone, 77 S.W.3d at 833; Thompson, 9 S.W.3d at 813
(citing Strickland, 466 U.S. at 690, 104 S.Ct. at 2066). Also, the record usually will not reveal
enough specific explanation about counsel’s decision-making process to show that counsel’s
actions were not the result of valid trial strategy. Bone, 77 S.W.3d at 833; Pena-Mota v. State,
986 S.W.2d 341, 346 (Tex. App.—Waco 1999, no pet.) (presume defense counsel’s actions are
sound trial strategy) (citing Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994)).
      The second prong of Strickland—“prejudice”—is shown when there is a “reasonable
probability that, but for counsel’s unprofessional errors, the result of the proceeding would have
been different. A reasonable probability is a probability sufficient to undermine confidence in the
outcome.” Thompson, 9 S.W.3d at 812. Appellant is not required to show that the errors “more
likely than not” altered the outcome. Strickland, 466 U.S. at 693, 104 S.Ct. at 2068. “The result
of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the
errors of counsel cannot be shown by a preponderance of the evidence to have determined the
outcome.” Id., 466 U.S. at 694, 104 S.Ct. at 2068. The general rule is that the adequacy of
representation is determined by the totality of counsel’s conduct, not by isolated instances. E.g.,
Mercado v. State, 615 S.W.2d 225, 228 (Tex. Crim. App. 1981); Anaya v. State, 988 S.W.2d 823
826 (Tex. App.—Amarillo 1999, no pet.). Nevertheless, in some cases a “single egregious error
of omission or commission” may constitute ineffective assistance. Thompson, 9 S.W.3d at 813;
Valencia v. State, 966 S.W.2d 188, 190-91 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d). 
Also, the cumulative effect of several errors may constitute ineffective assistance. See Miranda
v. State, 993 S.W.2d 323, 326 (Tex. App.—Austin 1999, no pet.); Valencia, 966 S.W.2d at 190-91; Matter of J.F., Jr., 948 S.W.2d 807, 812 (Tex. App.—San Antonio 1997, no pet.); Price v.
State, 923 S.W.2d 214, 217 (Tex. App.—Eastland 1996, pet. ref’d); Cooper v. State, 769 S.W.2d
301, 305 (Tex. App.—Houston [1st Dist.] 1989, pet. ref’d).
Composition of the Venire Panel
      The State used peremptory challenges to strike all seven black members of the venire panel. 
Although defense counsel did not object, the State nevertheless offered into the record its race-neutral reasons for the strikes. Defense counsel stated: “[I] have no cross-examination. I would
accept the answers.” Lewis argues on appeal that defense counsel could have discredited the race-neutral reasons by cross-examining the prosecutor, and could have introduced evidence that in
Navarro County, the state always strikes black jurors when the defendant is black. But Lewis
provides us with no more than his conjecture as to what the evidence “could” have been. Absent
any evidence in the record, his argument is unsupported. 
Challenge for Cause
      During voir dire, one of the venire members stated that she knew the victim “very well
personally” and that she could not be “fair and impartial.” Lewis complains, without citing any
authority, that defense counsel never challenged the member for cause. This juror did not make
the jury, and so there can not be ineffective assistance.
Peremptory Challenges
      Citing no authority, Lewis complains that defense counsel was ineffective for failing to
exercise all peremptory challenges. He asserts that there “were several additional venire persons
[defense counsel] could have struck.” He refers to three venire members who made the jury and
one unidentified venire member who may or may not have made the jury. The record does not
show how many strikes, if any, defense counsel made. Lewis’s argument—that all strikes were
not used—is not supported by the record.
Victim’s Identification of Lewis
      Again, citing no authority, Lewis complains that defense counsel did not attempt on cross-examination to discredit the victim’s testimony identifying Lewis as her assailant. The record
shows that the victim testified that two black men accosted her and that Lewis took her purse. The
record also shows that defense counsel cross-examined the victim about whether it was Lewis or
the other assailant who took her purse. The record does not reveal whether defense counsel had
a valid trial strategy in conducting the cross-examination as he did. Bone, 77 S.W.3d at 833. 
Consequently, because we presume a valid trial strategy, this argument does not support a claim
of ineffective assistance.
Closing Argument
      Finally—and again citing no authority—Lewis complains of ineffective assistance because
during closing argument, defense counsel did not suggest that the victim may have misidentified
Lewis, did not suggest reasons why the jury should acquit him, and did not ask the jury to acquit
him. While the record does not show an exemplary closing argument by defense counsel, it also
does not show that defense counsel did not have a valid trial strategy in taking the approach he did. 
Id. Under the facts of this case, a “weak” closing argument is not ineffective assistance.
Conclusion
      We hold that the evidence does not support that any of the five acts or omissions complained
of by Lewis fall below an objective standard of reasonableness. Therefore, Lewis’s argument fails
the first prong of the Strickland test. Accordingly, we overrule his issue and affirm the judgment.

                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed October 30, 2002
Do not publish
[CRPM]