In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00222-CR


______________________________




ADAFARASUN MACK, A/K/A ADOLPHUS MACK, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the Fifth Judicial District Court


Cass County, Texas


Trial Court No. 2006-F-00160




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 To avoid arrest for criminal trespass, Adafarasun Mack, also known as Adolphus Mack,
tussled with police officer James Cromeans. In the course of their struggle, the two men wrestled,
grabbed, pushed, and shoved each other. By Mack's actions, Cromeans was cut on the wrist, neck,
and cheek. Cromeans also suffered a few bruises and was sore the next day. A jury convicted Mack
of assault on a public servant. See Tex. Penal Code Ann. § 22.01(a), (b)(1) (Vernon Supp. 2006). 
Finding that Mack had previously been convicted of a felony, the jury considered an enhanced
punishment range of two to twenty years and assessed a punishment of ten years' confinement and
a $1,000.00 fine. The trial court sentenced Mack accordingly. 

 Mack raises two issues on appeal, alleging ineffective assistance of counsel at the punishment
phase of the trial in not objecting to (1) parole eligibility evidence and (2) the State's jury argument
concerning Mack's parole eligibility. 

 The standard for testing claims of ineffective assistance of counsel is set out in Strickland
v. Washington, 466 U.S. 668 (1984), and adopted for Texas constitutional claims in Hernandez v.
State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). To prevail on a claim of ineffective assistance,
an appellant must, by a preponderance of the evidence, prove: (1) trial counsel's performance fell
below an objective standard of reasonableness, and (2) counsel's deficient representation prejudiced
the appellant's defense. Strickland, 466 U.S. at 688; Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim.
App. 2002); Rosales v. State, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999). To meet this burden, an
appellant must show that the attorney's representation fell below the standard of prevailing
professional norms and that there is a reasonable probability that, but for counsel's deficiency, the
result of the trial would have been different. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App.
2000). On the first prong, if "there is at least the possibility that the conduct could have been
legitimate trial strategy," then we must "defer to counsel's decisions and deny relief on an ineffective
assistance claim on direct appeal." Murphy v. State, 112 S.W.3d 592, 601 (Tex. Crim. App. 2003). 
On the second prong, merely showing that errors had some conceivable effect on the proceedings
is inadequate proof. See Strickland, 466 U.S. at 693; McFarland v. State, 928 S.W.2d 482, 500
(Tex. Crim. App. 1996). The appellant must prove counsel's representation so undermined the
proper functioning of the adversarial process that the trial cannot be relied on as having produced
a just result. Strickland, 466 U.S. at 686. 

 At the punishment phase, the State introduced, through a criminal investigator, testimony that
"[w]hatever their sentence, they're not going to serve the full amount." The State also, in closing
argument, explained that the charge's parole instruction meant that, "if you get twenty years, you
don't serve twenty years. . . . So basically it's saying that you're not going to serve the sentence you
get." These are misstatements of the parole law and are error. See Tex. Code Crim. Proc. Ann.
art. 37.07 (Vernon 2006). 

 Mack cites Valencia v. State, 966 S.W.2d 188 (Tex. App.--Houston [1st Dist.] 1998, pet.
ref'd), for the proposition that defense counsel's failure to object to the State's parole law evidence
and argument constitutes ineffective assistance as a matter of law. Mack overstates the holding in
Valencia. The court, in Valencia, found ineffective assistance on failure to object not just to the
State's urging the jury's consideration of parole law, but, also, to the State's incorrect math and
assertion that a forty-year sentence would result in parole in two years. Id. at 190. The State's
misleading calculation of the parole formula was essential to the court's finding. Id. Despite Mack's
assertions, the State never urged a similar--or any--mathematical computation to the jury in his
punishment phase. The Valencia analysis--finding Strickland's first prong as a matter of law--is
distinguishable and unpersuasive.

 Moreover, even if Mack had met the first prong, he fails to meet his burden under
Strickland's second prong on the record presented on direct appeal. The undeveloped record does
not demonstrate proof that the result of the punishment phase would have been different but for
counsel's errors in not objecting to the State's improper evidence and argument. 

 First, we generally presume the jury follows the trial court's instructions in the manner
presented. See Colburn v. State, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998) (parole charge and
allegation of juror misconduct in considering parole); Williams v. State, 937 S.W.2d 479, 490 (Tex.
Crim. App. 1996) (jury presumed to follow court's instructions as given); Waldo v. State, 746 S.W.2d
750 (Tex. Crim. App. 1988) (jury presumed to follow instruction to disregard evidence). Here, the
jury was charged "not to consider the extent to which the parole law may be applied to" Mack. As
in Colburn, because Mack has offered nothing to demonstrate that the jury did not follow the court's
instructions, he has not shown that the results were affected by the State's actions. See Colburn, 966
S.W.2d at 520.

 Second, comparing the evidence against Mack with the sentence that resulted, harm does not
appear. The State presented evidence of "numerous thefts, resisting arrest, evading arrest, criminal
trespass, felony drugs, felony indecency with a child, bond jumping, skipping out, basically a life of
crime, as much of a career criminal as you're going to find." The State asked the jury to assess the
maximum sentence of twenty years; Mack urged the minimum of two years', or, at most, five years'
confinement. The jury assessed Mack's punishment at ten years' confinement, a sentence in the
middle of the range, closer to Mack's suggested sentence, and well below the maximum possible
sentence. We would only be speculating to suggest that the result would have been any different in
the absence of the State's objectionable conduct. Mack may not meet his burden through conjecture
and speculation. See Ex parte Cash, 178 S.W.3d 816, 818-19 (Tex. Crim. App. 2005). Mack has
not established that counsel's representation so undermined the proper functioning of the adversarial
process that the result was unjust.






 We affirm the judgment of the trial court.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: April 27, 2007

Date Decided: May 17, 2007


Do Not Publish



nt 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00104-CR

                                                ______________________________

 

 

                                      EARNEST L.
MCFAIL, Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 354th
Judicial District Court

                                                              Hunt County, Texas

                                                            Trial
Court No. 26,139

 

                                                          
                                        

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Fly got
caught in a trapa controlled buy of cocaine staged by law enforcement in Hunt County.  In the subsequent jury trial, Earnest L. Fly
McFail was convicted of delivery of one gram or more, but less than four grams,
of cocaine.[1]  McFails sole challenge on appeal questions
the legal sufficiency supporting his conviction.  Because there is legally sufficient evidence,
we affirm the trial courts judgment.

            McFail was
trapped in the controlled drug purchase by the Greenville Police Department and
Drug Enforcement Administration (DEA), aided by Ronnie Baucom, a recent
arrestee turned confidential informant. 
Knowing he could purchase crack cocaine from McFail, Baucom carried out
a plan in which he would call McFail from a pay telephone to tell Fly what he
needed and Fly would meet him at McDonalds. 
The trap was set.

            As part of
the plan, Baucom drove his vehicle to a designated meeting place arranged by
the officers.  The officers search of
Baucom and his vehicle did not yield drugs. 
They outfitted Baucom with video surveillance equipment and gave him
$100.00 to purchase crack cocaine.  While
officers watched and listened, Baucom drove to a pay telephone at a local
filling station, called McFail, and arranged to meet him in the McDonalds parking
lot.  After several minutes, a sports
utility vehicle (SUV) with tinted windows parked beside Baucoms vehicle in the
McDonalds parking lot.  Baucom stepped
out of his vehicle and into the back seat of the SUV, which McFail was
driving.  The video showed Baucom handing
money to McFail, McFail passing an object to Baucom, and Baucom exiting the
SUV.  Due to the video cameras position,
the actual crack cocaine was not recorded. 
Baucom testified, I handed him some money; he handed me some crack.  DEA officer Robert P. Binder testified that drugs
were exchanged.  After Baucom entered
the security of his vehicle, he relayed to officers that he had received two
quarters and five dimes of crack cocaine. 
Baucom drove back to the designated meeting place and transferred off-white,
rock-like substance[s] to the DEA officers. 
The net amount of crack cocaine totaled 1.3 grams.  

            In
evaluating legal sufficiency, we review all the evidence in the light most
favorable to the jurys verdict to determine whether any rational jury could
have found the essential elements of delivery of one gram or more but less than
four grams of cocaine beyond a reasonable doubt. Brooks v. State, No. PD-0210-09, 2010 WL 3894613, at *8 (Tex. Crim.
App. Oct. 6, 2010) (4-1-4 decision) (citing Jackson
v. Virginia, 443 U.S. 307, 319 (1979)); Hartsfield
v. State, 305 S.W.3d 859, 863 (Tex. App.Texarkana 2010, pet. refd)
(citing Clayton v. State, 235 S.W.3d
772, 778 (Tex. Crim. App. 2007)).  Our
rigorous legal sufficiency review focuses on the quality of the evidence
presented.  Brooks, 2010 WL 3894613, at *14. 
We examine legal sufficiency under the direction of the Brooks opinion, while giving deference
to the responsibility of the jury to fairly resolve conflicts in testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.  Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson, 443 U.S. at 31819).

 

            Legal
sufficiency of the evidence is measured by the elements of the offense as
defined by a hypothetically correct jury charge.  Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  McFail committed a second degree felony
offense if he knowingly delivered one gram or more, but less than four, grams
of cocaine.  Tex. Health & Safety Code Ann. § 481.112(a), (c) (Vernon
2010). 

            McFail
argues that, because the video did not visually depict the transfer of cocaine
to Baucom, the State has failed to meet its burden to prove delivery of cocaine
by McFail.  Despite Baucoms testimony,
he claims there has been no evidence that the cocaine Baucom handed over to
the DEA and Greenville Police Department did not come from a delivery at
another location.  McFail also argues
that, because there was no testimony that anyone searched the payphone, it is
possible the drugs were found or planted there.[2]  Baucom testified, however, that there were no
drugs in the telephone booth.  

            McFails
complaints delve into the realm of the jurys purview.  The jury was free to believe Baucoms
testimony that he purchased crack cocaine from McFail while disregarding
defense theories to the contrary. 
Looking at all the evidence in a light most favorable to the verdict, we
find in this record legally sufficient evidence for a rational jury to draw an
inference beyond a reasonable doubt that McFail delivered 1.3 grams of cocaine.

            Therefore,
we affirm the trial courts judgment. 

 

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          December
13, 2010     

Date Decided:             December
14, 2010

 

Do Not Publish

 

 

 

 

 

 











[1]McFail
was sentenced to life imprisonment after pleading true to multiple enhancements
alleging he was previously convicted of delivery of cocaine, possession with
intent to deliver cocaine, and attempted armed robbery. 





[2]A
constructive transfer can occur by placing the contraband in a particular
location and then advis[ing] the recipient of this location so that the
recipient can retrieve it.  Sims v. State, 117 S.W.3d 267, 26869 (Tex. Crim. App. 2003).
 To support his theory, McFail cites a
case involving constructive transfer which requires the State to prove the
substance was directly or indirectly under a defendants control before
transfer.  Because this case involves
actual transfer according to Baucoms testimony, this requirement was
necessarily met.