NO. 07-06-0435-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 13, 2008
                                       ______________________________

JIMMY JOSEPH SANCHEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 287TH DISTRICT COURT OF PARMER COUNTY;

NO. 2672.01; HONORABLE GORDON H. GREEN, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
          Appellant, Jimmy Joseph Sanchez, pleaded guilty to the offense of aggravated
robbery, a first degree felony. A jury assessed his punishment at confinement for 30 years
in the Texas Department of Criminal Justice-Institutional Division. By two issues, appellant
contends that the State’s closing argument was egregiously harmful and that, by failing to
object to the State’s argument, trial counsel provided ineffective assistance. We affirm.
 
Factual and Procedural Background
          Appellant and a co-defendant broke into the rural residence of David Sides. Sides
arrived home while appellant was still at the house. The record reflected that appellant
produced a hand gun and forced Sides to go into the residence while appellant and his co-defendant searched the residence for valuables. Sides’s wife arrived on the scene and
was warned away. While attempting to flee the residence, she was fired upon by
appellant. Sides was able to escape from appellant and hide. Appellant and his co-defendant then fled the scene, but were later apprehended.  
          At trial, appellant pleaded guilty to aggravated robbery. The facts of the case were
presented by the testimony of Mr. and Mrs. Sides and other witnesses. The State also
produced a judgment and sentence showing appellant had pled guilty in New Mexico to the
offenses of aggravated battery upon a peace officer, a third degree felony; possession of
a controlled substance, methamphetamine; and resisting, evading, or obstructing an
officer. The record reflected that appellant had received a partially suspended sentence. 
The record further showed that appellant’s suspended sentence had been revoked and
appellant was sentenced to a term of confinement of five and a half years in New Mexico. 
Appellant presented testimony from his uncle and aunt who requested leniency on behalf
of appellant. The uncle testified about appellant’s drug use and that appellant could
benefit from the rehabilitative services of the Texas Department of Corrections.
          The jury returned a verdict of confinement for 30 years in the Texas Department of
Criminal Justice-Institutional Division. It is from this verdict that appellant appeals. 
Appellant contends, that at the conclusion of trial, the prosecutor referenced parole law. 
Further, appellant contends that his counsel was ineffective by failing to object to the
prosecutor’s harmful statement.
Jury Argument
          Appellant’s complaint about alleged improper jury argument was not preserved as
required under the Texas Rules of Appellate Procedure. See Tex. R. App. P. 33.1(a). The
preservation requirement is mandatory for an alleged improper argument. See Cockrell
v. State, 933 S.W.2d 73, 89 (Tex.Crim.App. 1996). Failure to object to improper jury
argument forfeits an appellant’s right to complain on appeal. Id. Accordingly, appellant’s
first complaint is overruled. 
Ineffective Assistance of Counsel
          Claims of ineffective assistance of counsel are measured against the two prong
standard of Stickland v. Washington. Strickland v. Washington, 466 U.S. 668, 104 S.Ct.
2052, 80 L.Ed.2d 674 (1984). See Hernandez v. State, 726 S.W.2d 53, 57
(Tex.Crim.App.1986) (adopting Strickland as applicable standard under Texas
Constitution). Under the first prong of the Strickland test, an appellant must show that
counsel's performance was "deficient." Strickland, 466 U.S. at 687. "This requires
showing that counsel made errors so serious that counsel was not functioning as the
'counsel' guaranteed the defendant by the Sixth Amendment." Id. To be successful in this
regard, an appellant "must show that counsel's representation fell below an objective
standard of reasonableness." Id. at 688. Under the second prong, an appellant must
show that the deficient performance prejudiced the defense. Id. at 687. The appropriate
standard for judging prejudice requires an appellant to "show that there is a reasonable
probability that, but for counsel's unprofessional errors, the result of the proceeding would
have been different. A reasonable probability is a probability sufficient to undermine
confidence in the outcome." Id. at 694. Appellant must prove both prongs of Strickland
by a preponderance of the evidence in order to prevail. Tong v. State, 25 S.W.3d 707, 712
(Tex.Crim.App. 2000); McFarland v. State, 845 S.W.2d 824, 842 (Tex.Crim.App.1992).
          When applying the standards of Strickland, we are mindful that, as an appellate
court, we are to be highly deferential and presume that counsel’s actions fell within the
wide range of reasonable and professional assistance. Bone v. State, 77 S.W.3d 828, 833
(Tex.Crim.App. 2002). Therefore, appellant must overcome the presumption that, under
the circumstances, the challenged action might be considered sound trial strategy. Ex
parte Ellis, 233 S.W.3d 324, 330 (Tex.Crim.App. 2007). Any allegation of ineffective
assistance of counsel must be firmly founded in the record and the record must
affirmatively demonstrate the alleged ineffectiveness. Bone, 77 S.W.3d at 835. Failure
to make the required showing of either deficient performance or sufficient prejudice defeats
the ineffectiveness claim. Strickland, 466 U.S. at 700. Appellate courts look to the totality
of the representation and the particular circumstances of each case in evaluating the
effectiveness of counsel. Ex parte Nailor, 149 S.W.3d 125, 130 (Tex.Crim.App. 2004). 
Finally, we must remember that we are not to make these determinations by application
of hindsight. Thompson v. State, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). 
          Appellant contends that trial counsel was ineffective when counsel failed to object
to the State’s erroneous statements during final arguments. Appellant’s complaint is about
the State’s statements contained in the beginning of its closing arguments on punishment. 
The State stated, 
You’ve heard suggested to you for five to 50. When you read this, you will
see that the only protection of the community that you can be assured of
would be half of whatever you send him. So if you send him for 40 years, he
would only be there for 20. That’s what that instruction says, if he–if he
makes parole and if he does all of those things. 
 
According to appellant’s theory, this was an attempt to inappropriately apply the parole law
to the appellant during a plea for a lengthy sentence. See Tex. Code Crim. Proc. Ann. art.
37.07, § 4 (Vernon Supp. 2007) (providing that the jury shall be instructed about the
existence of parole and good time credit, however, they are not to consider the extent to
which good conduct time and parole are to be applied to the individual defendant). 
Appellant cites the court to Valencia v. State for the proposition that it is ineffective
assistance of counsel if trial counsel fails to object to an improper jury argument of this
nature. Valencia v. State, 966 S.W.2d 188, 190-91 (Tex.App.–Houston [1st Dist.] 1998,
pet. ref’d). Appellant’s analysis of the facts of this case and the application of Valencia are
in error.
          When analyzing the facts of Valencia, it is very clear that not only did the prosecutor
make a direct application to the defendant in that case, he also applied the court’s charge
erroneously. In fact, the State’s appellate attorney admitted such before the appellate
court. In our case, the quoted portion of the argument appears to track the court’s charge
correctly. Further, in this case, the State’s attorney qualified the statement by stating, “if
he makes parole and if he does all of those things.” The “all of those things” referred to
by the State’s attorney is easily discernable as the elements of good time credit of which
the trial court advised the jury in the court’s charge. 
          Next, appellant seems to be stating that Valencia stands for the proposition that trial
counsel’s failure to object to the State’s parole law argument constitutes ineffective
assistance as a matter of law. That was not the court’s holding. The Valencia court found
ineffective assistance based on the failure to object to the direct application of the parole
law to that defendant and the incorrect math that lead to the State’s attorney asserting that
a 40 year sentence would result in parole in two years. Mack v. State, No. 06-06-00222-CR, 2007 Tex.App. LEXIS 3765, at *4 (Tex.App.–Texarkana May 17, 2007) (not
designated for publication). It was the State’s misleading calculation that was essential to
the holding in Valencia. Id. Therefore, we are left with the proposition that failure to object
to a parole law argument may be ineffective assistance of counsel; however, we are
mindful that any assertion of ineffective assistance of counsel must be firmly founded in
the record. Bone, 77 S.W.3d at 835. In this, case we have no record of counsel’s strategy,
other than the record of the trial, and it does not meet the requirements of overcoming the
presumption that the challenged action might be considered sound strategy. Ex parte Ellis,
233 S.W.3d at 330. A review of trial counsel’s argument leads to a conclusion that trial
counsel may not have objected because he felt the issue of whether the argument was
improper was a very close one and he may have decided not to alienate the jury with
overruled objections. Accordingly, we overrule appellant’s contention regarding ineffective
assistance of counsel.
Conclusion
          Having overruled both of appellant’s issues, we affirm the judgment of the trial court. 

                                                                           Mackey K. Hancock

                                                                                    Justice





 







Do not publish. 




,
588 S.W.2d 915, 918 (Tex.Crim.App. 1979). 

 In this situation, appellant and Sandra had been observed by others during the
evening preceding the incident and seemed happy. However, at some point after the
guests left the party, that situation changed and appellant picked up a knife which caused
fear in Sandra. As a result, Sanchez described Sandra as hysterical. She pleaded with
Sanchez to either come and get appellant or take her and the baby away from the
apartment because she believed appellant would kill her. It is clear that Sandra was
dominated by the emotion arising from their argument and from appellant having a knife. 


 Appellant further argues that the probative value of Sandra's statements is
outweighed by the danger of unfair prejudice under Rule of Evidence 403. Appellant's
objection at trial was that the testimony was hearsay, not that the prejudicial effect
outweighed the probative value. Therefore, the issue has not been preserved. Williams
v. State, 995 S.W.2d 754, 760 (Tex.App.--San Antonio 1999, no pet.). The trial court did
not abuse its discretion in allowing the admission of the testimony. Appellant's first issue
is overruled. 

 In his second issue, appellant complains of the court's admission into evidence of
the testimony of Chris Salinas, appellant's parole officer, that appellant wore an electronic
monitor at the time of the alleged offense. Appellant objected to the testimony at trial on
the basis that the probative value was limited because no doubt had been cast on the fact
he was present at the crime scene, and the prejudicial value was high because it indicated
to the jury that appellant was on parole for another crime. The specific authority appellant
cited at a hearing outside the presence of the jury was Rules 404B, 403, 608, and 609F
of the Rules of Evidence. (1) The State noted that appellant was on parole for burglary,
which was charged in the enhancement paragraph of the indictment and, because the
case was based on circumstantial evidence, the State should be permitted to prove that
appellant was present at the time of Sandra's injury. 

 The court ruled that the evidence was probative under Rule 404B. The State further
agreed to limit any testimony as to the witness's employment as a parole officer and to
show that he was merely the custodian of the records. In Salinas's testimony at trial, there
was no mention of what job Salinas held or that appellant was on parole for another crime.
The witness simply stated he brought some electronic monitoring records pertaining to
appellant, he had reviewed the records, and that according to the records, appellant had
been within 150 feet of his apartment between 10:10 a.m. on December 31, 2000, and 2:58
a.m. on January 1, 2001. 

 On appeal, appellant argues the evidence is cumulative because a neighbor,
Lorenzo Sierra, Jr., testified that he observed appellant standing in the doorway of the
apartment within minutes of when Sandra was stabbed. Further, he argues, evidence of
other crimes is not admissible to prove the character of a person. Finally, he cites Cooper
v. State, 901 S.W.2d 757 (Tex.App.--Beaumont 1995, pet. dism'd), for the proposition that
the State is not entitled to "set the stage" for a witness to testify to facts not otherwise at
issue, because the State asserts the witness will rebut a defensive theory. 

 Rule 404(b) of the Rules of Evidence provides that evidence of other crimes,
wrongs or acts is not admissible to prove the character of a person in order to show he
acted in conformity with that character. Tex. R. Evid. 404(b). However, in this instance,
there was neither direct mention of any crime nor of the fact appellant was on parole. 
Thus, although the jury may have wondered about the use of electronic monitoring, there
was no direct evidence that appellant had been convicted of a crime or what that crime
may have been. The only evidence before the jury was of electronic monitoring to prove
appellant's presence at the scene during the period of time when the crime took place. 

 Although appellant argues that the State may not "set the stage" with evidence of
appellant's presence until he has testified he was not present at the time of the incident,
the State has the burden of proving beyond a reasonable doubt that appellant intentionally
and knowingly caused Sandra's death by stabbing her with a knife, which necessarily
requires the State to prove his presence at the crime scene. In contrast, the Cooper case
on which appellant relies involved evidence of anal intercourse with the defendant's
girlfriend to show a pattern of behavior that he also allegedly had anal intercourse with her
two children. The court found that, in addition to the fact the evidence was not relevant
as to identity or intent, the children had not yet been questioned at that point in time and
therefore, any impeachment of their testimony was not yet a problem for the State to
address with the mother's testimony. Cooper, 901 S.W.2d at 762. 

 In this case, there was testimony from a neighbor that he had seen appellant
outside the apartment immediately preceding the stabbing. Indeed, he testified it was
about 20 minutes prior to the time appellant brought the baby to his apartment. It would
have been possible for appellant to leave the apartment in that 20 minutes, and therefore
the evidence is not necessarily cumulative. 

 Rule 403 provides that evidence, although relevant, may be excluded if its probative
value is substantially outweighed by the danger of unfair prejudice, confusion of the
issues, misleading the jury, by considerations of undue delay, or needless presentation
of cumulative evidence. Id. 403. We have already determined that the evidence had
probative value. Further, precautions were taken so that any prejudicial effect of the
testimony was minimal. Thus, it cannot be said that the prejudicial value substantially
outweighed the probative value or that the trial court abused its discretion in permitting the
admission of the evidence. Appellant's second issue is overruled. 

 Appellant complains in his third issue that the trial court should have granted a
mistrial when testimony was presented by Sandra's mother concerning an extraneous
offense he committed. The objectionable testimony is as follows:

 Q. Now, prior to her death, where did your daughter live, where was her
residence?


 A. When she died?


 Q. Yes, ma'am.


 A. In Friona.


 Q. And did she live at those apartments?


 A. Yes, sir.


 Q. And who was she living with?


 A. With Franky, he had just moved back in after he got out of the pen. 

 

At that point, appellant moved for a mistrial because the jury had been informed that he
had been in prison. The court denied the motion for mistrial, but offered to give an
instruction to disregard. Before the instruction was given, appellant also objected on the
basis of Rules 403 and 404 of the Rules of Evidence. The court sustained the objection
as to relevancy and instructed the jury not to consider the witness's last answer as
evidence for any purpose. 

 Appellant concedes that error in the admission of improper testimony will usually
be cured by an instruction to disregard; however, he argues that, in this instance, the
instruction was insufficient to cure the harm created by the testimony. This is so, he
posits, because the witness had been warned not to make any such remark and it was
therefore calculated to inflame the minds of the jury. He also notes the weak factual basis
of the case in asserting that no limiting instruction could cure the impression left on the
jury.

 Appellant cites Tate v. State, 762 S.W.2d 678 (Tex.App.--Houston [1st Dist.] 1988,
pet. ref'd) and Govan v. State, 671 S.W.2d 660 (Tex.App.--Houston [1st Dist.] 1984, pet.
ref'd), as authority for his argument that these cases involved instances in which the
prosecutor violated a court order in making reference to an extraneous offense or brought
a witness to the stand for the sole purpose of extracting testimony of an extraneous
offense after he had assured the court he would not do so. Tate, 762 S.W.2d at 681;
Govan, 671 S.W.2d at 663. In the case at bar, the State did not ask a question that would
ordinarily extract information as to an extraneous offense, it merely asked the witness who
Sandra lived with. Appellant notes that the remark followed the testimony about electronic
monitoring, but that neither that evidence nor the remark by Sandra's mother was
calculated by the State to inflame the jury. We believe the instruction to disregard would
have cured the error in the admission of the testimony. The third issue presented by
appellant is overruled.

 Appellant's fourth and fifth issues challenge the legal and factual sufficiency of the
evidence to support the conviction. Because appellant has briefed the issues together,
we will likewise discuss them together. The standards by which we review legal and
factual sufficiency challenges are now so well known that it is unnecessary for us to restate
them. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979);
Clewis v. State, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996). We also must remember that
the jury is the sole judge of the credibility of the witnesses and the weight to be given their
testimony, and it may accept or reject any part of that testimony. Cain v. State, 958
S.W.2d 404, 407 n.4 (Tex.Crim.App. 1997). 

 Appellant was charged in the indictment with intentionally and knowingly causing 
Sandra's death by stabbing her with a knife. He alleges that there is a material variance
between the indictment and the proof at trial because the police could not identify any
specific knife as the murder weapon, one of the doctors testified he could not tell the
difference between a knife wound and a wound caused by another object, no knife was
entered into evidence at trial, and there was no fingerprint evidence to show that he
possessed any instrument which caused Sandra's injury. 

 In a prosecution based on circumstantial evidence, it is not required that every fact
point directly and independently to the guilt of the accused but the cumulative force of all
the incriminating circumstances may be sufficient. Barnes v. State, 876 S.W.2d 316, 321
(Tex.Crim.App.), cert. denied, 513 U.S. 861, 115 S.Ct. 174, 130 L.Ed.2d 110 (1994);
Vaughn v. State, 607 S.W.2d 914, 921 (Tex.Crim.App. 1980). In this instance, Sandra and
appellant both resided in the apartment where she was found by a police officer with a
puncture wound in her abdomen. Sandra was not breathing when emergency medical
personnel arrived and they worked on her for 26 minutes in an attempt to get her to begin
breathing before transporting her. She was transferred to the Parmer County Community
Hospital and later to Hereford where emergency surgery was performed. 

 Guests at the party that evening thought both Sandra and appellant seemed happy. 
However, within an hour prior to the 911 call, Sandra had made several phone calls to
Sanchez, expressing her imminent fear of appellant and saying he had a knife. Appellant
himself acknowledged to that same friend that he and Sandra were arguing. Electronic
monitoring showed that appellant had not been more than 150 feet away from the
apartment for a number of hours prior to the arrival of the police officer. That officer was
dispatched to the apartment after a neighbor called 911 after appellant left his daughter,
in blood-stained clothes, with the neighbor. Appellant admitted to the officer that he had
struck Sandra in the face. The apartment was also in disarray as though there had been
a scuffle. Several knives were found in the apartment in various locations, and later
Roberto Dominguez, a maintenance man at the apartment complex found a knife about 20
feet from the back door of appellant's apartment after seeing a trail of blood drops in the
snow. Law enforcement personnel observed blood stains on the back door, stair walls and
bannister, in a sink, and leading to a beer can outside the back door. Photographs taken
of appellant's hand showed cut marks on them. 

 Dr. Nadir Khuri performed surgery on Sandra in an attempt to save her life. He
testified that she had a stab wound in her belly that protruded into the iliac artery and vein. 
The wound was about six inches deep and slightly less than an inch wide. He testified that
she hemorrhaged to death internally as a result of that wound. According to Dr. Khuri, the
object used to make the wound was a flat, sharp object, although he agreed it could have
been a flat, sharp piece of glass if it was long and sturdy enough. 

 One of Sandra's friends, Sara Street, provided evidence that Sandra had mood
swings and had been depressed. Sara also testified that Sandra drank alcohol, used 
marijuana, cocaine, and Prozac. Sandra had recently been arrested for driving while
intoxicated, and there was testimony of conflict between Sandra and her mother, who had
allegedly threatened to take Sandra's child from her. Sara stated she was concerned that
Sandra might hurt herself. 

 In Reeves v. State, 969 S.W.2d 471 (Tex.App.--Waco 1998, pet. ref'd), cert. denied,
526 U.S. 1068, 119 S.Ct. 1462, 143 L.Ed.2d 547 (1999), the cause, time, and location of
death were not known. There was also no physical evidence of foul play to connect the
defendant to the murder. However, the defendant was the last one to see the victim alive,
he had previously abused her, he had the best opportunity and a motive to kill her, he told
conflicting stories about her whereabouts, he went camping the day after she disappeared
in the area where her body was found, and his actions immediately after her death, such
as washing his truck, disposing of his sleeper sofa, and replacing carpet indicated he was
hiding something. The evidence was held to be both legally and factually sufficient to
support the verdict. Id. at 479-80. 

 In this instance, the location, approximate time, and the injury leading to Sandra's
death are known. Although there is no fingerprint or DNA evidence connecting appellant
to the crime, there is evidence that appellant was threatening Sandra with a knife shortly
before her injury and she believed he was going to kill her. There is also evidence that
appellant was present in the apartment at the time of Sandra's injury, and he admitted he
struck her in the face. A number of knives were found inside the apartment and one was
found outside the back door. The jury was free to resolve any inconsistencies in the
evidence and conclude that appellant inflicted the lethal injury on Sandra with a knife as
opposed to it being a self-inflicted injury or an injury by some other object. We believe a
rational jury could have found the essential elements beyond a reasonable doubt, and that
such a finding is not clearly wrong or unjust. Appellant's fourth and fifth issues are
overruled. 

 Finding no reversible error, we affirm the judgment of the trial court. 


 John T. Boyd

 Chief Justice


Do not publish. 

NO. 07-01-0403-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



APRIL 25, 2002



______________________________




FRANK CHRIS MENDEZ, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 287TH DISTRICT COURT OF PARMER COUNTY;



NO. 2407; HONORABLE GORDON H. GREEN, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

CONCURRING OPINION


 I concur in the result. 

 Phil Johnson

 Justice



Do not publish. 

 

 
1. Appellant also challenged the authentication of the records, but has not raised that
issue on appeal.