NO. 07-06-0435-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 13, 2008
_____

JIMMY JOSEPH SANCHEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 287TH DISTRICT COURT OF PARMER COUNTY;

NO. 2672.01; HONORABLE GORDON H. GREEN, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Jimmy Joseph Sanchez, pleaded guilty to the offense of aggravated robbery, a first degree felony. A jury assessed his punishment at confinement for 30 years in the Texas Department of Criminal Justice-Institutional Division. By two issues, appellant contends that the State's closing argument was egregiously harmful and that, by failing to object to the State's argument, trial counsel provided ineffective assistance. We affirm.

Factual and Procedural Background

Appellant and a co-defendant broke into the rural residence of David Sides. Sides arrived home while appellant was still at the house. The record reflected that appellant produced a hand gun and forced Sides to go into the residence while appellant and his co-defendant searched the residence for valuables. Sides's wife arrived on the scene and was warned away. While attempting to flee the residence, she was fired upon by appellant. Sides was able to escape from appellant and hide. Appellant and his co-defendant then fled the scene, but were later apprehended.

At trial, appellant pleaded guilty to aggravated robbery. The facts of the case were presented by the testimony of Mr. and Mrs. Sides and other witnesses. The State also produced a judgment and sentence showing appellant had pled guilty in New Mexico to the offenses of aggravated battery upon a peace officer, a third degree felony; possession of a controlled substance, methamphetamine; and resisting, evading, or obstructing an officer. The record reflected that appellant had received a partially suspended sentence. The record further showed that appellant's suspended sentence had been revoked and appellant was sentenced to a term of confinement of five and a half years in New Mexico. Appellant presented testimony from his uncle and aunt who requested leniency on behalf of appellant. The uncle testified about appellant's drug use and that appellant could benefit from the rehabilitative services of the Texas Department of Corrections.

The jury returned a verdict of confinement for 30 years in the Texas Department of Criminal Justice-Institutional Division. It is from this verdict that appellant appeals.

2

Appellant contends, that at the conclusion of trial, the prosecutor referenced parole law. Further, appellant contends that his counsel was ineffective by failing to object to the prosecutor's harmful statement.

## Jury Argument

Appellant's complaint about alleged improper jury argument was not preserved as required under the Texas Rules of Appellate Procedure. See Tex. R. App. P. 33.1(a). The preservation requirement is mandatory for an alleged improper argument. See Cockrell v. State, 933 S.W.2d 73, 89 (Tex.Crim.App. 1996). Failure to object to improper jury argument forfeits an appellant's right to complain on appeal. Id. Accordingly, appellant's first complaint is overruled.

## Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel are measured against the two prong standard of Stickland v. Washington. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Crim.App.1986) (adopting Strickland as applicable standard under Texas Constitution). Under the first prong of the Strickland test, an appellant must show that counsel's performance was "deficient." Strickland, 466 U.S. at 687. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. To be successful in this regard, an appellant "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Under the second prong, an appellant must

3

show that the deficient performance prejudiced the defense.  Id. at 687.  The appropriate standard for judging prejudice requires an appellant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.  Appellant must prove both prongs of Strickland by a preponderance of the evidence in order to prevail.  Tong v. State, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000); McFarland v. State, 845 S.W.2d 824, 842 (Tex.Crim.App.1992).

When applying the standards of Strickland, we are mindful that, as an appellate court, we are to be highly deferential and presume that counsel's actions fell within the wide range of reasonable and professional assistance.  Bone v. State, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002).  Therefore, appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.  Ex parte Ellis, 233 S.W.3d 324, 330 (Tex.Crim.App. 2007).  Any allegation of ineffective assistance of counsel must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness.  Bone, 77 S.W.3d at 835.  Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.  Strickland, 466 U.S. at 700.  Appellate courts look to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel.  Ex parte Nailor, 149 S.W.3d 125, 130 (Tex.Crim.App. 2004).  Finally, we must remember that we are not to make these determinations by application of hindsight.  Thompson v. State, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999).

Appellant contends that trial counsel was ineffective when counsel failed to object to the State's erroneous statements during final arguments. Appellant's complaint is about the State's statements contained in the beginning of its closing arguments on punishment. The State stated,

> You've heard suggested to you for five to 50. When you read this, you will see that the only protection of the community that you can be assured of would be half of whatever you send him. So if you send him for 40 years, he would only be there for 20. That's what that instruction says, if he–if he makes parole and if he does all of those things.

According to appellant's theory, this was an attempt to inappropriately apply the parole law to the appellant during a plea for a lengthy sentence. See TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4 (Vernon Supp. 2007) (providing that the jury shall be instructed about the existence of parole and good time credit, however, they are not to consider the extent to which good conduct time and parole are to be applied to the individual defendant). Appellant cites the court to Valencia v. State for the proposition that it is ineffective assistance of counsel if trial counsel fails to object to an improper jury argument of this nature. Valencia v. State, 966 S.W.2d 188, 190-91 (Tex.App.–Houston [1st Dist.] 1998, pet. ref'd). Appellant's analysis of the facts of this case and the application of Valencia are in error.

When analyzing the facts of Valencia, it is very clear that not only did the prosecutor make a direct application to the defendant in that case, he also applied the court's charge erroneously. In fact, the State's appellate attorney admitted such before the appellate court. In our case, the quoted portion of the argument appears to track the court's charge

5

correctly.  Further, in this case, the State's attorney qualified the statement by stating, "if he makes parole and if he does all of those things."  The "all of those things" referred to by the State's attorney is easily discernable as the elements of good time credit of which the trial court advised the jury in the court's charge.

Next, appellant seems to be stating that Valencia stands for the proposition that trial counsel's failure to object to the State's parole law argument constitutes ineffective assistance as a matter of law. That was not the court's holding.  The Valencia court found ineffective assistance based on the failure to object to the direct application of the parole law to that defendant and the incorrect math that lead to the State's attorney asserting that a 40 year sentence would result in parole in two years.  Mack v. State, No. 06-06-00222-CR, 2007 Tex.App. LEXIS 3765, at *4 (Tex.App.–Texarkana May 17, 2007) (not designated for publication).  It was the State's misleading calculation that was essential to the holding in Valencia.  Id.  Therefore, we are left with the proposition that failure to object to a parole law argument may be ineffective assistance of counsel; however, we are mindful that any assertion of ineffective assistance of counsel must be firmly founded in the record.  Bone, 77 S.W.3d at 835.  In this, case we have no record of counsel's strategy, other than the record of the trial, and it does not meet the requirements of overcoming the presumption that the challenged action might be considered sound strategy.  Ex parte Ellis, 233 S.W.3d at 330.  A review of trial counsel's argument leads to a conclusion that trial counsel may not have objected because he felt the issue of whether the argument was improper was a very close one and he may have decided not to alienate the jury with

6

overruled objections.  Accordingly, we overrule appellant's contention regarding ineffective assistance of counsel.

## Conclusion

Having overruled both of appellant's issues, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.