ACCEPTED
01-14-00804-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/16/2015 3:21:29 PM
CHRISTOPHER PRINE
CLERK

## NO. 01-14-00803-CR
## NO. 01-14-00804-CR

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
4/16/2015 3:21:29 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE COURT OF APPEALS

## FOR THE STATE OF TEXAS

## FOURTEENTH SUPREME JUDICIAL DISTRICT

_____

### RICARDO JAVIER PENA

Defendant/ Appellant

### V.

### STATE OF TEXAS

Plaintiff/Appellee

_____

On Appeal in Cause Nos. 139,2873 and 139,2874
From the 178th Judicial District Court
of Harris County, Texas
Honorable David Mendoza, Presiding

_____

### BRIEF FOR APPELLANT
_____

### ORAL ARGUMENT NOT REQUESTED

## <u>NAMES OF ALL PARTIES</u>

1. Appellant: . . . .  Ricardo Javier Pena
 TDCJ # 01969337
 A3-49
 295 IH 45 North
 Huntsville, Texas 77320

2. Attorney for the State: . . .  Charles Brodsky
 SBN 24057774
 Asst. District Attorney
 Harris Co. D.A.'s Office
 1201 Franklin, Suite 600
 Houston, Texas 77002

3. Defense Counsel at Trial: . .  Michael E. Trent
 SBN 00791814
 11621 Spring Cypress Road
 Suite C
 Tomball, Texas 77377

4. Trial Judge: . . . .  Hon. David L. Mendoza
 Presiding Judge
 178th District Court
 Houston, Texas 77002

5. Counsel for Appellant: . .  Mark A. Rubal
 SBN 17360325
 15150 Middlebrook Dr.
 Houston, Texas 77058

# **TABLE OF CONTENTS**

NAMES OF ALL PARTIES................................................... 2

TABLE OF CONTENTS..................................................... 3

INDEX OF AUTHORITIES................................................. 4

STATEMENT REGARDING ORAL ARGUMENT......................... 5

PRELIMINARY STATEMENT............................................. 5

STATEMENT OF FACTS.................................................. 7

POINT OF ERRORS...................................................... 9

**POINT OF ERROR ONE:**
APPELLANT RECEIVED INEFFECTIVE ASSISTANCE
OF COUNSEL IN THE ENTRY OF HIS PLEAS OF
GUILTY BECAUSE OF THE IMPROPER ASSURANCES
AND/OR MISREPRESENTATIONS OF HIS TRIAL
COUNSEL.................................................................. 9

ARGUMENT AND AUTHORITIES.................................... 9

PRAYER FOR RELIEF.................................................. 14

CERTIFICATE OF SERVICE............................................ 16

# INDEX OF AUTHORITIES

## CASES

*Cooper v. State*, 769 S.W.2d 301 (Tex. App.-Houston
[1ˢᵗ Dist.] 1989, pet. ref'd) .......................................................... 10

*Fimberg v. State*, 922 S.W.2d 205 (Tex.App.-Houston
[1ˢᵗ Dist.] 1996, pet ref'd) ...................................................... 12

*Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App.1986).............. 11

*Jackson v. State*, 973 S.W.2d 954 (Tex. Crim. App. 1998)................ 12

*McGuire v. State*, 617 S.W.2d 259 (Tex. Crim. App. 1981).............. 12

*Mercado v. State*, 615 S.W.2d 225 (Tex. Crim. App. 1981).............. 11,12

*Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052,
806 L. Ed. 674 (1984)................................................................. 10,11,
12

## CONSTITUTIONS, STATUTES, AND OTHER AUTHORITIES

*Tex. Const. Art. I, Sec. 10* .................................................... 11

*Tex. R. App. P. 39* .............................................................. 5

*U.S. Const. Amend. VI* ........................................................ 10,11

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to *Tex. R. App. P. 39* Appellant waives oral argument unless the Court believes the decisional process would be significantly aided by any argument.

## PRELIMINARY STATEMENT

On June 27, 2013, Appellant Ricardo Javier Pena ("Pena") was charged with two cases of Aggravated Sexual Assault of a Child, under cause numbers 139,2873 and 139,2874. (CR, 139,2873, Vol. 1; p. 6) and (CR, 139,2874, Vol. 1; p. 6). Pena was indicted for both cases on September 18, 2013, without any enhancement paragraph(s). (CR, 139,2873, Vol. 1; p. 12) and (CR, 139,2874, Vol. 1; p. 6).

On March 24, 2014, Pena pled guilty to the charges without an agreed recommendation. (CR, 139,2873, Vol. 1; pp. 26-38) and (CR, 139,2874, Vol. 1; p. 27).[1] The cases were reset for a pre-sentence investigation hearing on

---

[1]    The Clerk's record for cause number 139,2874 contains only the Motion for Community Supervision and no copies of the plea papers. However, the Pre-Sentence Report indicates Pena pled guilty to both cases (RR, Vol. 5, p. 4), each Clerk Record contains a reset for a Pre-Sentence Investigation Hearing on both the cases (CR, 139,2873, Vol. 1; p. 25) and (CR, 139,2874, Vol. 1; p. 25), the Judge recites that

August 8, 2014. (CR, 139,2873, Vol. 1; p. 25) and (CR, 139,2874, Vol. 1; p. 25). At the pre-sentence investigation hearing, the Court heard testimony and after considering the evidence, the Judge found Pena guilty and reset the cases for sentencing in thirty (30) days. (RR, Vol. 2; pp. 46-50).

On September 22, 2014, the Judge sentenced Pena to twenty (20) years confinement in the institution division of the Texas Department of Criminal Justice, to run concurrently. (RR, Vol. 3; pp. 4-5) and (CR, 139,2873, Vol. 1; pp. 45-46) and (CR, 139,2874, Vol. 1; pp. 34-35). Pena filed his Notice of Appeal on September 22, 2014, (CR, 139,2873, Vol. 1; pp. 49-50) and (CR, 139,2874, Vol. 1; pp. 38-39). The undersigned attorney was appointed and assigned to represent Pena for his appeal on September 24, 2014. (CR, 139,2873, Vol. 1; p. 51) and (CR, 139,2874, Vol. 1; p. 40).

On October 21, 2014, Pena filed a Motion for New Trial alleging ineffective assistance of counsel. (CR, 139,2873, Vol. 1; pp. 54-57) and (CR, 139,2874, Vol. 1; pp. 43-46). The Motion for New Trial was denied on December 5, 2014, after a hearing and testimony from trial counsel for Pena responding to the allegations of ineffective assistance raised by Pena in the

Pena pled guilty on both cases at the Pre-Sentence Investigation Hearing (RR, Vol. 2; pp. 5-7), and each Clerk record contains a Judgment and Sentence for both cases (CR, 139,2873, Vol. 1; pp. 45-46) and (CR, 139,2874, Vol. 1; pp. 34-35).

Motion.  (CR, 139,2873, Vol. 1; p. 58), (CR, 139,2874, Vol. 1; p. 47) and (RR, Vol. 4; pp. 4-38).

The appellate record consists of one (1) volume of the Clerk's Record for each cause  (CR, 139,2873, Vol. 1; p. ___), (CR, 139,2874, Vol. 1; p. ___) and four (4) volumes of the Reporter's Record (RR, Vol. ___; p.___).

## STATEMENT OF FACTS

According to the record, Pena was accused of sexually assaulting two of his granddaughters.  One of the girls is named as the complainant in cause number 139,2873 (identified as VC)  and the other is named as the complainant in cause number 139,2874 (identified as EM).  The abuse purportedly occurred over approximately a two year period (from the time the girls were in first grade until they were in third grade).  The girls reported that the abuse happened on multiple occasions when they visited Pena and/or stayed over at his house.

On June 18, 2013, the initial report of abuse was made to the Houston Police Department after VC told her mom about the abuse.  VC's mother is Pena's step daughter-in-law.  VC also told the police that EM was being abused by Pena as well. The Juvenile Division Sexual Abuse Unit investigated

the allegations.

Both complainants were subsequently interviewed at the Children's Assessment Center and both corroborated the allegations of abuse by Pena. The mother of EM is Pena's daughter. When she was interviewed, she related an incident when EM was in first grade and got into trouble at school because she was talking about sex with another child. When EM was confronted about the subject, she said her grandfather (Pena) had told her about sex. Pena was told about the statements made by EM and Pena said EM was lying. EM got into trouble for lying and unbeknownst to anyone, at the time, Pena purportedly continued to abuse EM.

When Pena was initially questioned about the allegations, he stated the accusations were not true. Charges were filed against Pena on June 27, 2013. (CR, 139,2873, Vol. 1; pp. 6-7) and (CR, 139,2874, Vol. 1; pp. 6-7).

After Pena was arrested, trial counsel was appointed to represent him on July 1, 2013. (CR, 139,2873, Vol. 1; p. 9) and (CR, 139,2874, Vol. 1; p. 9). Pena subsequently made bond and his case(s) were reset approximately seven (7) times before he entered a plea of guilty to the charges on March 24, 2014.

Before entering his plea(s), Pena asked his trial attorney what he would do if he were in his place. His trial attorney said he would plead guilty and

throw himself on the mercy of the Court. Pena's trial attorney also said he thought Pena would get deferred probation because he [Pena] had never been in trouble before, had been an asset to the community for thirty-three (33) years as a pastor, and had done volunteer work. The attorney also told Pena that if he did not get deferred probation then he [Pena] should get no more than five (5) years in prison. As a result, Pena decided to enter a plea of guilty to both the charges. *See Affidavit of Ricardo Pena* (CR, 139,2873, Vol. 1; pp. 56-57) and (CR, 139,2874, Vol. 1; pp. 45-46).

As stated, Pena got sentenced to twenty (20) years in prison by the Judge.

## POINT(S) OF ERROR:

## POINT OF ERROR ONE:

APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN THE ENTRY OF HIS PLEAS OF GUILTY BECAUSE OF THE IMPROPER ASSURANCES AND/OR MISREPRESENTATIONS OF HIS TRIAL COUNSEL.

## ARGUMENT AND AUTHORITIES

The test for determining whether a defendant was denied the effective assistance of counsel was established by the Supreme Court of the United

States in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 806 L. Ed. 674 (1984). The Court held that ineffective assistance of counsel is shown only where the attorney's errors are so serious that the attorney was not functioning as counsel guaranteed by the Sixth Amendment and, in addition, the defendant was deprived of a fair trial because of the error. *U.S. Const. Amend. VI.*

For an error to reach that magnitude, there must be a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The Court defined a reasonable probability as a probability sufficient to undermine confidence in the outcome. *Strickland*, supra; See also *Cooper v. State*, 769 S.W.2d 301, 304 (Tex. App.-Houston [1st Dist.] 1989, pet. ref'd). However, the Supreme Court in *Strickland* also held:

> On the other hand, we believe that a defendant need not show that counsel's deficient conduct more likely than not altered the outcome of the case . . . [t]he result of a proceeding can be rendered unreliable, and hence, the proceeding itself unfair, even if the error of counsel cannot be shown by a preponderance of the evidence to have undermined that outcome. *Strickland*, 466 U.S. at 694; 104 S. CT. 2068.

The Court emphasized that the test is not rigid in its application, but requires flexibility:

A court should keep in mind that the principles we have stated do not establish mechanical rules . . . [t]he ultimate inquiry should be on the fundamental fairness of the proceeding . . . [i]n every case the Court should be concerned whether . . . the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results. *Strickland*, 466 U.S. at 696, 104 S. Ct. 2069.

The standard on the right to counsel is the same under the United States and Texas Constitutions. *U.S. Const. Amend VI; Tex. Const. Art. I, Sec. 10*; *Hernandez v. State*, 726 S.W.2d 53, 55-56 (Tex. Crim. App. 1986). An attorney's performance must be gauged by the totality of the representation. *Strickland*, supra; see also *Mercado v. State*, 615 S.W.2d 225, 227-228 (Tex. Crim. App. 1981). However, a defendant is not entitled to errorless counsel. *Hernandez*, supra. A fair assessment of counsel's performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances, and to evaluate counsel's conduct from his perspective at the time. A defendant must overcome the presumption that the

challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.

Thus, Texas case law requires a two fold showing to establish ineffective assistance:

(1)     an act that constitutes ineffective assistance of counsel; and

(2)     that the defendant suffered harm because of this ineffective assistance.

*Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Mercado*, 615 S.W.2d at 228.

A plea of guilty based on erroneous information is involuntary. *McGuire v. State*, 617 S.W.2d 259, 261 (Tex. Crim. App. 1981). However, a defendant's claim that he was misinformed by counsel, standing alone, is not enough for a reviewing court to hold the plea was involuntary. *Fimberg v. State*, 922 S.W.2d 205, 208 (Tex.App.-Houston [1ˢᵗ Dist.] 1996, pet ref'd). The claim for ineffective assistance of counsel must be affirmatively supported by the record. *Jackson v. State*, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998).

Pena states in his affidavit that he would not have pled guilty to the charges offenses, but for the assurances of his trial counsel that he [Pena] would get either deferred probation or at worst five (5) years. *See Affidavit of Ricardo Pena* (CR, 139,2873, Vol. 1; pp. 56-57) and (CR, 139,2874, Vol. 1;

pp. 45-46).

His trial counsel testified at the motion for new trial. Trial counsel stated that at first Pena said he was not guilty. However, after trial counsel had the opportunity to review the forensic interviews of the complainants and fully understand the evidence against Pena they began to have earnest discussions about Pena pleading guilty. (RR, Vol. 4, pp. 8-9). During the discussions and the course of representations, trial counsel said he told Pena he had extensive experience in child abuse cases. He informed Pena that he had practiced criminal law for almost 20 years (14 years as prosecutor and 6 years as a defense attorney), he had extensive experience in child abuse cases and he had co-authored a book by the Texas District & County Attorneys Association (TDCAA) relating to the investigation and prosecution of child abuse cases. (RR, Vol. 4; p. 10).

Trial counsel further said he told Pena that he thought he [Pena] had a better than normal chance of getting deferred probation by pleading guilty to the Judge based on his background, his record of service to the community, his work as a minister, and the good he had done in his life. (RR. Vol. 4; p. 12). Trial counsel also testified that he told Pena that if he [Pena] did not get deferred then he expected he would get not more than five (5) years in prison.

(RR, Vol. 4; p13). Trial counsel agreed that Pena relied on his advice when he [Pena] pled guilty to the charged offenses. (RR, Vol. 4; p. 15).

Based upon the record, it is reasonable to conclude that but for the assurances of trial counsel Pena would not have pled guilty to the charged offenses. Pena states that his pleas of guilty were in reliance on the punishment advice of his trial counsel and his trial counsel affirms his reliance. The punishment assurances made by trial counsel, boot strapped with the qualifications and experience he communicated to Pena, manifests a fundamental unfairness in the proceeding. The assurances and/or representations were not guarantees, but it is clear that Pena trusted the advice of his trial counsel when he decided to plead guilty to the charges. The record shows that trial counsel knew Pena was relying on his advice and Pena clearly suffered harm because the assurances and/or representations turned out to be false. As a result, the pleas of guilty by Pena were involuntary and his conviction(s) should be reversed.

## **PRAYER FOR RELIEF**

WHEREFORE PREMISES CONSIDERED, Appellant respectfully prays that this Court reverse his conviction and remand the case back to the

trial court for a new trial and/or enter an order of acquittal, as appropriate and

for any and all such other relief for which he may be legally and justly entitled.


Respectfully Submitted,


_____/s/ Mark A. Rubal_____

By:   Mark A. Rubal
      SBN 17360325
      15150 Middlebrook Dr.
      Houston, Texas 77058
      (281) 286-2222   Telephone
      (281) 488-4597   Telefax
      **Attorney for Appellant**

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon the District Attorney of Harris County, Texas, on this the 16th day of April, 2015, by delivering a copy of the Brief to the Harris County District Attorney's Office, Appellate Division, 1201 Franklin Street, Suite 600, Houston, Texas 77002 by CMRRR No. 7013 1710 0001 3124 4298.

I further certify that, on the same day, a true and correct copy of the brief was mailed to Appellant, Ricardo Javier Pena, TDCJ # 01969337, A3-49, 295 IH 45 North, Huntsville, Texas 77320 by CMRRR No. 7013 1710 0001 3123 9577.

/s/ Mark A. Rubal
Mark A. Rubal