**Opinion issued March 10, 2022**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-20-00725-CR

————————————

### KENNETH EDWARD CARTER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case No. 1653345**

---

## MEMORANDUM OPINION

Appellant Kenneth Edward Carter appeals his conviction for possession of a controlled substance. In two points of error, he contends that: (1) he received ineffective assistance of counsel at the adjudication hearing; and (2) the judgment should be reformed to reflect that he pleaded "not true" to the allegations in the

State's motion to adjudicate. We modify the trial court's judgment and affirm as modified.

## BACKGROUND

In November 2019, Carter pleaded guilty to possession of a controlled substance weighing more than four grams and less than 200 grams, a second-degree felony. He was placed on deferred adjudication community supervision for three years and ordered to report to his community supervision officer as directed, to successfully complete the education program entitled "Effective Decision Making," and to successfully complete an intensive outpatient treatment program. Carter met with his assigned community supervision officer, Kimberly Tambe, one time in December 2019, when she gave him referrals to enroll in the education program and intensive outpatient treatment program. After that meeting, Carter failed to report back to Tambe, and he did not complete either program.

The State then moved to adjudicate guilt. At the hearing on the motion to adjudicate, Carter pleaded "not true" to each of the State's allegations that he: (1) failed to report to his community supervision officer; (2) did not complete the educational program; and (3) did not complete the intensive outpatient treatment program. After hearing testimony from Tambe, Carter's community supervision officer, the trial court found "true" that Carter violated the conditions of his

2

community supervision, found him guilty of the underlying offense, and sentenced him to 15 years in prison.

## DISCUSSION

## I.     Ineffective assistance of counsel

In his first point of error, Carter asserts three claims to show that he received ineffective assistance of counsel: (1) his defense counsel presented evidence that was harmful to his defense; (2) his defense counsel introduced evidence for no valid reason; and (3) his defense counsel failed to object to his 15-year sentence as cruel and unusual punishment.

### A.     Standard of review

The Sixth Amendment to the United States Constitution guarantees the right to the reasonably effective assistance of counsel in criminal prosecutions. U.S. CONST. amend. VI; *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); *see also* TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. art. 1.05; *Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex. Crim. App. 1986) (test for ineffective assistance of counsel same under both federal and state constitutions). To prove a claim of ineffective assistance of counsel, an appellant must show: (1) his trial counsel's performance fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense such that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have

been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). The appellant has the burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011).

In reviewing counsel's performance, we look to the totality of the representation to determine the effectiveness of counsel, indulging a strong presumption that counsel's performance fell within the wide range of reasonable professional assistance or trial strategy. *Lopez*, 343 S.W.3d at 142–43. For us to find that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record; we may not engage in retrospective speculation. *Id.* at 142. When direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined. *Id.* at 143. The presumption of a sound trial strategy cannot be overcome absent evidence in the record of the attorney's reasons for his conduct. *Martinez*, 330 S.W.3d at 901.

**B.    Analysis**

**1.    Presenting harmful evidence for no valid reason**

Carter's first two claims are similar: he argues that his defense counsel presented evidence that was harmful to his defense and that counsel introduced the evidence for no valid reason. Specifically, his defense counsel introduced copies of the referral forms Tambe gave to Carter at their first meeting—referral forms that

4

provided him information about his two court-ordered programs, the "Effective Decision Making" education program and intensive outpatient treatment program— and introduced Tambe's notes that described the office visit and that stated she referred him to those programs. Carter argues this evidence bolstered the State's case against him and could not have been part of a sound trial strategy. Carter also argues that because defense counsel stated in closing that her argument was "a legal one," and not about Tambe's testimony, there was no valid purpose for introducing the evidence.

The record is silent as to defense counsel's reasons for introducing the referral forms and notes. Defense counsel may have been trying to discredit Tambe or establish that Tambe did not actually give the referral forms to Carter; she asked Tambe on cross-examination, regarding the referral forms, "So is this what you gave to Mr. Carter? . . . So it's just a general, that you give this to everybody? It's not— his name's not on there or anything like that?" Tambe responded: "No, everyone receives that." Defense counsel then asked Tambe, "So then, do you have notes in your file that you, in fact, gave these two referrals to Mr. Carter?" Tambe provided those notes, and defense counsel entered the referral forms and the notes into evidence. Although this strategy ultimately appears to have been unsuccessful, we must avoid the "distorting effects of hindsight" and "evaluate the conduct from counsel's perspective at the time," while indulging the "strong presumption" that the

conduct was reasonable and a sound trial strategy. *Strickland*, 466 U.S. at 689; *see also Lopez*, 343 S.W.3d at 142–43. Because the record is silent as to why defense counsel introduced the evidence, Carter has not overcome the presumption that defense counsel's performance was part of a sound trial strategy, and he has not proven the first prong of the *Strickland* test. *See Strickland*, 466 U.S. at 688; *Lopez*, 343 S.W.3d at 142.

Nor has Carter shown there is a reasonable probability that, but for his defense counsel's introduction of the evidence, the result of the proceeding would have been different. When defense counsel introduced the evidence, Tambe had already testified that she gave those referral forms to Carter, and the trial court found her testimony credible. Thus, Carter has failed to satisfy the second prong of the *Strickland* test. *See Strickland*, 466 U.S. at 694; *Lopez*, 343 S.W.3d at 142.

The cases to which Carter cites are distinguishable because they each involve defense counsel eliciting harmful testimony that would otherwise have been inadmissible. *White v. Thaler*, 610 F.3d 890, 900 (5th Cir. 2010) (defense counsel ineffective because their questioning about post-arrest silence opened door for prosecutor's otherwise inadmissible questioning); *Ex parte Walker*, 777 S.W.2d 427, 432 (Tex. Crim. App. 1989) (applying then-accepted *Duffy* standard of review, which did not require proof of prejudice, court found defense counsel ineffective because she introduced otherwise inadmissible evidence of extraneous offenses);

*Stone v. State*, 17 S.W.3d 348, 353 (Tex. App.—Corpus Christi–Edinburg 2000, pet. ref'd) (defense counsel ineffective because he elicited testimony from defendant regarding prior murder conviction that would otherwise have been inadmissible); *Cooper v. State*, 769 S.W.2d 301, 304–05 (Tex. App.—Houston [1st Dist.] 1989, pet. ref'd) (defense counsel ineffective because he questioned defendant regarding prior void conviction in front of jury, which opened door to prosecution's questioning about 14 other prior convictions). These cases all differ from the present case in which defense counsel introduced evidence that corroborated the testimony of the State's witness. *Stone* and *Cooper* do not, as Carter argues, stand for the proposition that introducing evidence for no valid purpose constitutes ineffective assistance of counsel. Rather, the court in each of those cases discussed defense counsel's possible purpose in introducing inadmissible evidence: preempting the prosecutor's questioning about a prior murder conviction, *Stone*, 17 S.W.3d at 352, and securing testimony that a prior conviction was void, *Cooper*, 769 S.W.2d at 305. But each court concluded that introducing harmful evidence that otherwise would have been inadmissible, even though there was a purpose, fell below an objective standard of reasonableness and caused prejudice. *See Stone*, 17 S.W.3d at 353–54; *Cooper*, 769 S.W.2d at 305.

Carter also argues that his defense counsel's deficient performance in introducing harmful evidence for no reason resulted in a higher sentence, showing

7

that he was prejudiced by the errors. However, Carter does not explain how defense counsel's introduction of evidence that corroborated existing testimony caused the trial court to impose a higher sentence. The trial court, just before imposing the 15-year sentence, said that he was taking into consideration the fact that Carter pleaded "not true" when the allegations were then proven true. The Supreme Court has not held, as Carter contends, that imposing a higher sentence within sentencing guidelines necessarily constitutes prejudice to satisfy the second prong of the *Strickland* test; rather, the Supreme Court stated there was no minimum amount by which a sentence must be increased for a court to consider the second prong. *Glover v. United States*, 531 U.S. 198, 204 (2001). In other words, a minimal amount of additional time in prison can constitute prejudice, but the Court declined to express an opinion on the ultimate merits of whether the defendant in that case received ineffective assistance of counsel. *Id.* at 203–04. Although the trial court here imposed a 15-year sentence when the State requested a "sentence that is substantially high, at least ten years if not higher," Carter has not shown that his counsel's performance caused the trial court to impose a higher sentence. Carter has not shown a reasonable probability that defense counsel's performance resulted in a different outcome. *See Strickland*, 466 U.S. at 694; *Lopez*, 343 S.W.3d at 142.

Carter's first two claims, that his defense counsel introduced harmful evidence and she introduced that evidence for no valid purpose, have failed to demonstrate ineffective assistance of counsel.

## 2. Failure to object to sentence as cruel and unusual

Carter next argues that his defense counsel was ineffective because she failed to object to his 15-year prison sentence as cruel and unusual when the State requested a 10-year sentence and thus failed to preserve error; such a failure to preserve error, he contends, shows ineffective assistance of counsel.

To successfully assert that defense counsel's failure to object amounted to ineffective assistance of counsel, the appellant must show that the trial court would have committed error in overruling the objection. *Martinez*, 330 S.W.3d at 901. Here, the trial court sentenced Carter to 15 years' imprisonment. The statutory range for a second-degree felony offense is two to 20 years. TEX. PENAL CODE § 12.33. Generally, punishments assessed within the statutory limits do not violate federal and state constitutional prohibitions of cruel and unusual punishment. *Toledo v. State*, 519 S.W.3d 273, 285 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). Thus, even if defense counsel had objected to Carter's sentence, the objection would have been meritless, and the trial court would not have committed error in overruling it. *See Martinez*, 330 S.W.3d at 901; *see also Jagaroo v. State*, 180 S.W.3d 793, 800 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) ("It is not ineffective assistance

for counsel to forego making frivolous arguments and objections."). Carter has not shown that defense counsel's failure to object fell below an objective standard of reasonableness, nor has he shown there is a reasonable probability that if she had objected, the result of the proceeding would have been different; he has failed to satisfy both prongs of the *Strickland* test. *See Strickland*, 466 U.S. at 687–88, 694; *Lopez*, 343 S.W.3d at 142. Carter's third claim, that his defense counsel failed to object to his sentencing as cruel and unusual punishment, has failed to demonstrate ineffective assistance of counsel.

Carter's first point of error is overruled.

## II.     Error in written judgment

Carter next argues that the written judgment incorrectly states that he pleaded "true" to the State's allegations in the motion to adjudicate guilt; he acknowledges this error is not a basis for reversing the judgment but asks that we modify the judgment to comport with the record, which reflects that he pleaded "not true" to the State's allegations. The State agrees that the judgment should be so modified.

The record reflects that Carter pleaded "not true" to each of the State's allegations at the adjudication hearing. However, the trial court's judgment states that he entered a plea of "true." An appellate court has the power to correct and reform a trial court judgment to "make the record speak the truth when it has the necessary data and information to do so." *Nolan v. State*, 39 S.W.3d 697, 698 (Tex.

10

App.—Houston [1st Dist.] 2001, no pet.) (quoting *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we modify the trial court's judgment to reflect that Carter pleaded "not true" to each of the allegations in the State's motion to adjudicate his guilt. TEX. R. APP. P. 43.2(b) (court of appeals may modify the trial court's judgment and affirm it as modified); *see also Torres v. State*, 391 S.W.3d 179, 185 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (modifying judgment to state that defendant pleaded "true" to allegations in enhancement paragraphs).

Carter's second point of error is sustained.

## CONCLUSION

We modify the trial court's judgment to reflect that Carter pleaded "not true" to the State's allegations in its motion to adjudicate. We affirm the trial court's judgment as modified.

Gordon Goodman
Justice

Panel consists of Justices Kelly, Goodman, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).